No. 120
McMANNESS et al. v. PILLIOD
Ohio Court of Appeals, Lucas County
No. 1245. Jan. 22, 1923

QUIETING TITLE—Adverse possession over 21 years under a tax title.

This opinion has not been published elsewhere.

KINKADE, J.
Appeal from Common Pleas
Epitomized Opinion

This was an action to quiet title in which the petition set out that the defendant claimed some title or interest in the property by way of a tax deed. The proof showed that the tax deed was duly recorded in 1896, and since that time the defendant had been in continuous, adverse, exclusive, open and notorious possession of the property, claiming title thereto, and had paid the taxes upon the property. The plaintiffs were heirs of the owner of the property previous to the tax sale. The Common Pleas found in favor of defendant.

The court found that an attempt by plaintiffs to get possession, made by possession, was not a sufficient basis upon which to plaint an action to quiet title and dismissed the petition.

Attorneys—Geer & Lane, for McManness; Tyler, Northrup & McMahon, for Pilliod.

No. 121
ANDREW HORNYAK v. BRICK CO.
Ohio Court of Appeals, Lucas County
No. 1269. Jan. 22, 1923

DAMAGES—Injury from shooting by a watchman— Not proven to be within scope of duties—Nor done with intent.

This opinion has not been published elsewhere.

KINKADE, J.
Epitomized Opinion
Error to Lucas Common Pleas

A revolver in the hands of defendant's watchman was discharged by him and resulted in wounding plaintiff Hornyak. It was claimed by him that the watchman, while acting within the scope of his duties, caused the injury. The jury found in favor of defendant.

Held:
1. That the record presents sufficient evidence to justify the verdict, the jury probably finding that the watchman was not acting within the scope of his duties, and there being some evidence in the record tending to establish that the gun was discharged accidentally, with no intention to shoot anybody. Judgment of Common Pleas affirmed.

Attorneys—Seney & Gluck, for plaintiff; Miller & Brady, for defendant.

No. 122
S. H. KATZ v. V. H. DEUTSCH
Cuyahoga County Appeals
No. 4266. Decided Nov. 1, 1922

PROMISSORY NOTE—(1) Consideration — (2) Record made to defraud — (3) Erroneous charge to jury.

This opinion has not been published elsewhere.

VICKERY, P. J.
Epitomized Opinion
Error to Court of Common Pleas

Deutsch brought suit on a promissory note, claimed to be signed by Katz, who denied signing and delivering, and contended there was no consideration. It was claimed that the note grew out of a sale of corporation stock which was insolvent and that Deutsch signed corporation record, which showed there was no consideration for note, and to get a third party to make a loan by having him believe the property worth more than it was.

The court below gave undue attention in its charge that signing and delivering of note was some evidence of consideration, and failed to charge as to defendant's evidence to show there was no consideration. In reversing judgment on the note the court held:

1. Where the intent of one making a record is to defraud creditors, even though it is not true, he cannot complain if the courts hold it as true against him when it is contrary to his own interest to have it so held.

2. The signing and delivering of a note is sufficient evidence of consideration to entitle plaintiff to recover, unless defendant offers evidence to overcome the presumption of consideration.

3. A charge which gives undue attention to the presumption raised and gives no attention to the evidence, showing want of consideration, is erroneous and reversible error.

Attorneys—John B. Oviatt, for Katz; Beckerman & Felsman, for Deutsch.